## Covington & Cincinnati Elevated Railroad & Transfer & Bridge Co. v. Marsh.

(Decided December 2, 1910.)

### Appeal from Kenton Circuit Court (Common Law and Equity Division).

1. Railroads—Damages to Trespasser on Railroad Bridge—Hot Water Escaping from Engine.—Where appellee was walking across a railroad bridge, to save toll, instead of using a foot bridge made for pedestrians, and without fault of the engineer in charge of a railroad engine standing at the end of the railroad bridge, he was severely scalded by hot water escaping from said engine by the jostling off of the inspirator thereof; Held, that the railroad company was under no duty towards a trespasser to keep its engines in a reasonably safe condition so far as throwing hot water and steam was concerned, and he cannot complain that the engine was out of repair in this regard.

2. Trespasser on Track—Discovered Peril—Care Required.—Appellee being a trespasser on the track, in order to entitle him to recover damages, he must show a failure on the part of appellant to exercise ordinary care to abstain from hurting him after his peril was discovered, and this he failed to do.

GALVIN & GALVIN for appellant.

B. F. GRAZIANI for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE BARKER—
Reversing.

The appellee, James T. Marsh, was severely burned by hot water and steam which was thrown from the boiler of an engine belonging to appellant. He instituted this action to recover damages for his injuries. A trial resulted in a judgment for appellee for the sum of six hundred dollars, and from the judgment based upon this verdict the bridge company is here on appeal.

The only complaint which the bridge company makes is that the trial Court refused, at the conclusion of the evidence for plaintiff (appellee), to sustain its motion for a peremptory instruction to the jury to find a verdict for it. It introduced no evidence in its own behalf, but rested its defense alone upon the testimony of appellee, who was the only witness as to the manner in which the injury was inflicted.

Appellee had been, some months before the accident, in the employ of the Chesapeake & Ohio Company as tower watchman. As such employe, he had been in the habit of walking over the bridge of the defendant company, and this he continued to do from time to time although he had severed his connection with the railroad and was working for a piano house in Cincinnati. On the morning that he was hurt, he was on the way from his home in Covington to his place of business in Cincinnati. Instead of walking over that part of the bridge provided for foot passengers, he got out into the middle of the bridge and walked between the rails of the railroad track upon a plank which afforded sufficient footing for that purpose. When he was nearly across the bridge on the north side of the river, he saw in front of him engine No. 705, standing still. The tender of the engine was toward the south, but the engineer was facing so as to look south, and saw appellant approaching. When appellee reached the side of the cab he spoke to the engineer familiarly, saying "Hello," to which greeting the engineer responded by saying "How are you?" Appellee passed on, and just as he got opposite the boiler of the engine a volume of water and hot steam was thrown out, severely scalding his left foot and leg. As soon as the engineer saw that appellee was apparently injured, he jumped down from his cab and said: "Did I burn you," to which appellee responded: "Certainly;" and then the engineer said: "My inspirator jostled off."

This is the entire substance of the evidence given in the case as to the manner of plaintiff's injury. The

question for adjudication is whether or not the appellant was entitled to a peremptory instruction.

Clearly the appellee was a trespasser upon the railroad bridge. He was where he had no business to be, and was using that part of the bridge to save paying toll if he walked on that portion set apart for the use of foot passengers. The bridge company owed him no duty except to use ordinary diligence to avoid injuring him after his peril was discovered. There is nothing in this record which shows that the engineer knew of any peril menacing appellee. There is nothing to show why the hot water was thrown out of the engine, or how it was thrown out, except the statement of the engineer, that ''My inspirator jostled off.'' What the inspirator is, is not explained in the record; how or why it jostled off is not shown; and especially is it not shown that the jostling off was the result of any negligence on the part of those in charge of the engine. The company was under no duty towards the trespasser to keep its engines in a reasonably safe condition, so far as throwing hot water and steam was concerned, and he can not complain that the engine was out of repair in this regard. So far as the record shows, the engineer did absolutely nothing toward the injury of plaintiff. Whether some part of the machinery connected with the hot water broke just at the time appellee passed, or whether the engine was acting automatically, does not appear. All that appears is that a trespasser was passing the engine, and hot water gushed out upon him, inflicting severe injury. We are not able to say from the testimony that this act occurred through the failure of appellants, or its employes, to perform any duty it owed to appellee. Appellee, being a trespasser upon the track, in order to entitle him to recover damages for injuries received while there, must show a failure on the part of appellant to exercise ordinary care to abstain from hurting him after his peril was discovered. This, we think, he failed to do; and, therefore, it follows, under principles laid down so often by this court that it is not necessary to cite the cases, the appellant was entitled to a peremptory instruction, at the close of plaintiff's testimony, requiring the jury to find a verdict in its favor.

For these reasons the judgment is reversed for further procedure consistent with this opinion.